**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO. H-98-0251-01 |
| | § | |
| NUNZIO LA ROSA | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Nunzio La Rosa, which seeks relief from his sentence. (Docket No. 108). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** the defendant's motion for the reasons set forth briefly below.

**I.    BACKGROUND**

On February 7, 2003, La Rosa pleaded guilty to one count of aiding and abetting the possession with intent to distribute five kilograms or more of cocaine. In a judgment entered on May 31, 2003, the Court sentenced La Rosa pursuant to the Sentencing Guidelines then in place to serve 168 months in prison. The Fifth Circuit dismissed Nunzio's appeal on December 24, 2003.

La Rosa has now filed a motion seeking a reduced sentence. Noting that he is a Canadian citizen, La Rosa argues that he is entitled to a "downward departure" under the Sentencing Guidelines because, pursuant to a policy of the United States Bureau of Prisons,

he is not eligible to serve any portion of his sentence in a minimum security prison facility or a half-way house because he is an alien subject to deportation. La Rosa contends that this means he will "receive harsher treatment than would a similarly convicted U.S. Citizen." As authority for the relief that he seeks, La Rosa invokes the statute that governs criminal sentencing, 18 U.S.C. § 3553(a). La Rosa also relies upon *United States v. Restrepo*, 802 F. Supp. 781 (E.D.N.Y. 1992), for the proposition that he is entitled to a downward departure under the Sentencing Guidelines based on his status as a deportable alien. For reasons set forth below, the Court concludes that La Rosa is not entitled to the relief that he seeks.

**II.   DISCUSSION**

To the extent that La Rosa seeks to vacate, set aside, or correct his sentence upon the ground that it was imposed in violation of the Constitution, his motion is construed as one governed by 28 U.S.C. § 2255. In that respect, it is well settled that 28 U.S.C. § 2255 provides "the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)), *cert. denied*, 534 U.S. 1001 (2001). Relief under this statute is warranted for errors that may have occurred at trial or sentencing. *See id.* (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

Because La Rosa's motion attacks the severity of punishment imposed, the motion is governed by § 2255. Motions governed by § 2255 are subject to a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion filed under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because the motion attacks the sentence imposed, the one-year statute of limitations began to run on the date the defendant's conviction became final. The Fifth Circuit dismissed La Rosa's appeal on his own motion on December 24, 2003. That date is when the statute of limitations was triggered. The limitations period expired one year later on December 24, 2004. The defendant's pending motion, executed by him on May 12, 2005, is more than one year late. Because the pleadings disclose no grounds for tolling, relief under § 2255 is therefore barred by the statute of limitations.

Even if not time-barred, La Rosa is not entitled to relief under § 2255 on the grounds that he is somehow entitled to a downward departure under the Sentencing Guidelines. La Rosa did not raise this issue at sentencing and he abandoned his direct appeal in this case,

meaning that he has committed a procedural default which bars his claim. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed.2d 828 (1998). Apart from the procedural bar, it is settled in this circuit that claims concerning the technical application of the Sentencing Guidelines are not cognizable in a § 2255 motion.[1] *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Alternatively, to the extent that La Rosa's motion can be considered as one filed under 28 U.S.C. § 2241, challenging the administration or execution of his sentence, this Court has no jurisdiction to consider his claims under that statute. The Fifth Circuit has recognized repeatedly that, while petitions for post-conviction relief under 28 U.S.C. § 2255 must be filed with the sentencing court, "the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001); *see also Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *Pack v. Yusaff*, 218 F.3d 448, 451 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999). La Rosa is currently incarcerated at the Allenwood Low

---

[1] Even if such a claim were cognizable, the case that La Rosa relies upon primarily for relief, *United States v. Restrepo*, 802 F. Supp. 781 (E.D.N.Y. 1992), has been overturned. On appeal, the Second Circuit held that a defendant's deportable status was an inappropriate basis for a downward departure in sentence. *See United States v. Restrepo*, 999 F.2d 640, 645-46 (2d Cir. 1993), *cert. denied*, 510 U.S. 954 (1993).

Security Correctional Institution, located in White Deer, Pennsylvania.[2] Because the defendant is not incarcerated within the Southern District of Texas, this Court has no jurisdiction over a challenge to the manner in which his sentence is executed under § 2241.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motion for a downward departure (Docket No. 108) is **DENIED**.

2. To the extent that one is needed, a certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **June 14, 2005**.

_____
Nancy F. Atlas
United States District Judge

---

[2] One of La Rosa's complaints is that he is "not eligible to serve his sentence in a minimum security prison facility." However, it appears that he is assigned to a low security institution.